**In the Matter of Patrick M. SCHREMS, Respondent.**

**No. 53S00–0901–DI–35.**

Supreme Court of Indiana.

Aug. 30, 2012.

*PUBLISHED ORDER GRANTING CONDITIONAL REINSTATEMENT*

By order dated March 11, 2010, this Court suspended Petitioner for not less than six months without automatic reinstatement. Petitioner filed a petition for

reinstatement on June 7, 2011. On July 18, 2012, the Indiana Supreme Court Disciplinary Commission, pursuant to Indiana Admission and Discipline Rule 23(18)(b), filed its recommendation that Petitioner be reinstated to the practice of law in Indiana conditioned on certain terms of probation.

A petition for reinstatement may be granted only if the petitioner proves to the Commission by clear and convincing evidence that:

(1) The petitioner desires in good faith to obtain restoration of his or her privilege to practice law;

(2) The petitioner has not practiced law in this State or attempted to do so since he or she was disciplined;

(3) The petitioner has complied fully with the terms of the order for discipline;

(4) The petitioner's attitude towards the misconduct for which he or she was disciplined is one of genuine remorse;

(5) The petitioner's conduct since the discipline was imposed has been exemplary and above reproach;

(6) The petitioner has a proper understanding of and attitude towards the standards that are imposed upon members of the bar and will conduct himself or herself in conformity with such standards;

(7) The petitioner can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence, and in general to aid in the administration of justice as a member of the bar and an officer of the Courts;

(8) The disability has been removed, if the discipline was imposed by reason of physical or mental illness or infirmity, or for use of or addiction to intoxicants or drugs;

(9) The petitioner has taken the Multistate Professional Responsibility Examination (MPRE) within six (6) months before or after the date the petition for reinstatement is filed and passed with a scaled score of eighty (80) or above.

Admis. Disc. R. 23(4)(b).

This Court, being duly advised, finds that the recommendation of the Disciplinary Commission should be accepted and that, accordingly, Petitioner should be conditionally reinstated as a member of the Indiana bar and placed on probation for a period of no less than two years. The Court incorporates by reference the recommended terms and conditions of probation, which include:

● Petitioner shall continue his monitoring agreement with the Indiana Judges and Lawyers Assistance Program.

● Petitioner shall implement a plan for office and time management with the assistance of an assisting attorney and a professional in office and time management.

● Petitioner shall meet regularly with the assisting attorney to monitor the implementation of and compliance with the plan for office and time management.

● The Commission shall be notified immediately of any noncompliance with the terms of his probation.

In addition:

● Petitioner shall have no violations of the his JLAP monitoring agreement, the law, or the Rules of Professional Conduct during his probation.

● If Petitioner violates his probation, the Commission may petition to revoke his probation and request his suspension

be re-imposed without automatic reinstatement.

Petitioner's probation shall remain in effect until it is terminated pursuant to Admission and Discipline Rule 23(17.1).

IT IS, THEREFORE, ORDERED that Petitioner's petition for reinstatement is granted and that Petitioner is conditionally reinstated as a member of the Indiana bar subject to the terms and conditions of probation stated above. Petitioner shall pay any costs owing under Admis. Disc. R. 23(18)(d).

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.